UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. _____ -CIV-_____

**09-CV-81064-Dimitrouleas-Snow**

RALPH FAURE,

     Plaintiff,

vs.

IJL ELECTRIC CORP., a Florida
corporation and JOSEPH MICHAELS,
in his individual capacity,

     Defendants.

_____/

| FILED by __VT__ D.C. |
| ELECTRONIC |
| **July 21, 2009** |
| STEVEN M. LARIMORE |
| CLERK U.S. DIST. CT. |
| S.D. OF FLA. · MIAMI |

## COMPLAINT

Plaintiff RALPH FAURE sues the Defendants IJL ELECTRIC CORP., a Florida corporation, and JOSEPH MICHAELS, in his individual capacity, and alleges:

### JURISDICTION AND VENUE

1. This is an action for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq., hereinafter referred to as "the FLSA."

2. Jurisdiction of this action is conferred upon the Court by section 16(b) of the FLSA [29 U.S.C. 216 (b)] and by 28 U.S.C. 1331.

3. Venue lies in the Southern District of Florida, where all Defendants reside and the events or omissions giving rise to Plaintiffs' claims occurred.

Law Offices of Donald R. McCoy • 33 NE 2nd St., Suite 101, Ft. Lauderdale, FL 33301 • (954) 522-4211

## PARTIES

4.   Defendant IJL ELECTRIC CORP. is a Florida corporation with its principal address at 1330 West Industrial Avenue, Boynton Beach, Florida 33426.

5.   At all times hereinafter mentioned, IJL ELECTRIC CORP., was and is doing business in Palm Beach County, Florida, where it has been and is engaged in electrical contracting.

6.   Defendant JOSEPH MICHAELS resides in Palm Beach County, Florida. At all times hereinafter mentioned he was an officer and director of IJL ELECTRIC CORP., exercised operational control of the corporation's day to day business activities, and acted in the interest of IJL ELECTRIC CORP. in relation to its employees, including the Plaintiff.

7.   Defendant IJL ELECTRIC CORP. and Defendant JOSEPH MICHAELS were the Plaintiff's "employers" within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

8.   Plaintiff RALPH FAURE resides in Broward County, Florida. The Plaintiff worked for the Defendants as a foreman during the period from approximately November, 2006, through on or about September 30, 2007. Plaintiff was employed by the Defendants in Palm Beach County, Florida and at other locations within the jurisdiction of this Court.

-2-

## FLSA "ENTERPRISE" COVERAGE

9.     At all times referred to in this Complaint, IJL ELECTRIC CORP. performed related activities through unified operation or common control, for a common business purpose; such activities therefore constituted an "enterprise" within the meaning of §3(r) of the FLSA [29 U.S.C. 203(r)].

10.     At all such times, the enterprise was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of §3(s)(1) of the FLSA [29 U.S.C. 203(s)(1)], in that IJL ELECTRIC CORP. had:

(a)     employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce; and

(b)     an annual gross volume of sales made or business done which was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

11.     The Defendants employed the Plaintiff in their enterprise engaged in commerce or in the production of goods for commerce from approximately November, 2006, through on or about September 30, 2007, and paid the Plaintiff by the hour. Plaintiff's employment with the Defendants was at all times subject to the minimum wage, overtime and recordkeeping provisions of the FLSA [29 U.S.C. 206, 207 and 211(c)].

-3-

## FALSE RECORDS AND UNLAWFUL DEDUCTIONS

12. Plaintiff's last week of employment with the Defendants was the week of September 23, 2007, through September 30, 2007.

13. Plaintiff worked for the Defendants in Boca Raton, Florida, for approximately eighty-eight (88) hours during the workweek of September 23, 2007, through September 30, 2007.

14. Defendants paid the Plaintiff for his last week of employment by paycheck dated October 5, 2007, for only forty (40) hours in the gross amount of $920.00. From this gross amount, the Defendants unlawfully deducted $495.87, purportedly for Plaintiff's use of a cellular telephone which the Defendants provided to him for business use.

15. Defendants violated the recordkeeping provisions of the FLSA at 29 U.S.C. 211(c) by falsifying Plaintiff's final paycheck stub to show that Plaintiff worked only forty (40) hours during the workweek of September 23, 2007, through September 30, 2007. A true copy is attached hereto as Exhibit A and made a part hereof.

## UNPAID OVERTIME COMPENSATION

16. Plaintiff restates the allegations of paragraphs 1 through 15, above, as if fully set forth herein.

17. The Defendants violated the FLSA overtime provisions by employing Plaintiff RALPH FAURE in an enterprise engaged in commerce or in the production of goods for commerce during the period from September 23,

-4-

2007, through September 30, 2007, for a workweek longer than forty (40) hours without paying him for the hours he worked in excess of forty (40) at a rate not less than one and one-half times the regular rate at which he is employed, as required by §7(a) of the FLSA, 29 U.S.C. 207(a).

18. Plaintiff's regular rate of pay was $23.00 per hour and his overtime rate was $34.50 per hour.

19. Plaintiff should have been paid $2576.00 for the week of September 23, 2007 through September 30, 2007, but the Defendants unlawfully reduced his pay to $920.00.

20. The Defendants further reduced the overtime compensation to which Plaintiff is entitled by unlawfully deducting $495.87 from his wages for the cost of a cellular telephone which was provided to Plaintiff for the Defendants' benefit and convenience.

21. The Defendants are liable to the Plaintiff for unpaid overtime compensation of approximately $2151.87 and for an additional, equal amount as liquidated damages, as provided in 29 U.S.C. 216(b).

22. Plaintiff, having previously demanded payment, has retained the undersigned attorney to file and maintain this action to recover such amounts and has thereby incurred attorney's fees, costs and other expenses of litigation.

23. Section 16(b) of the FLSA provides that the Court in such an action shall, in addition to any judgment awarded to the Plaintiff, allow a reasonable

-5-

attorney's fee to be paid by the defendant, and the costs of the action. 29 U.S.C. 216(b).

WHEREFORE, Plaintiff prays for judgment against the Defendants for unpaid overtime compensation and liquidated damages in the amount of $4303.74, plus a reasonable attorney's fee and the costs of this action, and for such other and further relief as may be necessary and appropriate.

Respectfully submitted this __21st__ day of July, 2009.

DONALD R. McCOY, P. A.
33 N. E. Second Street, Suite 101
Fort Lauderdale, Florida 33301
Telephone: (954) 522-4211
Facsimile: (954) 522-4247
E-mail:   mccoyesquire@mac.com

By Donald R. McCoy
Donald R. McCoy
Florida Bar No. 887862

Attorney for Plaintiff

-6-

# EXHIBIT A

F9124 ELX

```
IJLEL      10(dept)     2133(count)      4(seq)
                                       118(job)

FAURE,RALPH
7300 NW 17TH ST
PLANTATION, FL              33319
```

## IJL ELECTRIC CORP

PAYROLL ACCOUNT
1330 W INDUSTRIAL AVE BAY B101
BOYNTON BEACH, FL 33426

**34683 FAURE,RALPH**

| CLOCK NO/IDENT. | EMPLOYEE NAME | | | | | | SOCIAL SECURITY NO. |
|---|---|---|---|---|---|---|---|
| SINGLE | O | 10 | 950 | 2133 | 09/30/07 | 10/05/07 | |
| MARITAL STATUS | DEPENDENTS | DEPARTMENT | UNION | CHECK NO. | PAY PERIOD | CHECK DATE | |

| EARNINGS STATEMENT THIS PAY | | | | DEDUCTIONS THIS PAY | | YEAR TO DATE | |
|---|---|---|---|---|---|---|---|
| TYPE | HOURS | RATE | EARNINGS | | | | |
| REGULAR | 40.00 | 23.000 | 920.00 | | | GROSS PAY | 34,079.68 |
| | | | | | | FEDERAL GROSS | 32,669.50 |
| | | | | FEDERAL TAX | 138.00 | FEDERAL TAX | 5,299.00 |
| | | | | F.I.C.A. TAX | 66.37 | F.I.C.A. TAX | 2,499.20 |
| | | | | MISC. DED(L) | 100.00 | MISC. DED(L) | 2,000.00 |
| | | | | MISC. DED(D) | 2.36 | MISC. DED(D) | 70.80 |
| | | | | MISC. DED(M) | 32.20 | MISC. DED(M) | 966.00 |
| | | | | MISC. DED(A) | 17.78 | MISC. DED(A) | 373.38 |
| | | | | MISC. DED(P) | 495.87 | MISC. DED(P) | 495.87 |
| | | | | | | DIRECT DEPOSIT | |
| **TOTALS** | 40.00 | | 920.00 | | | **NET PAY** | 67.42 |

TO VERIFY THE AUTHENTICITY OF THIS CHECK, RUB OR BREATHE          ON THE OVAL; COLOR WILL DISAPPEAR, THEN REAPPEAR

## IJL ELECTRIC CORP

PAYROLL ACCOUNT
1330 W INDUSTRIAL AVE BAY B101
BOYNTON BEACH, FL 33426

**No. 2133**

DATE: 10/05/07

**PAYROLL CHECK**

**PAY** ------------ NON-NEGOTIABLE DIRECT DEPOSIT ---------

**NET PAY**

TO THE ORDER OF    FAURE,RALPH
7300 NW 17TH ST
PLANTATION, FL
33319

* * * * * * * * * * * *

BANK OF AMERICA

AUTHORIZED SIGNATURE

MP

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

RALPH FAURE

**DEFENDANTS**

IJL ELECTRIC CORP.
and JOSEPH MICHAELS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **BROWARD**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **PALM BEACH**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DONALD R. McCOY, P.A.
33 N.E. Second Street, Suite 101
Fort Lauderdale, FL 33301 PH: 954-522-4211

ATTORNEYS (IF KNOWN)

9:09CV81064-WPD

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION**
(PLACE AN X ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) 29 USC§201 et seq. Suit for unpaid overtime

**IVa.** __2__ **days estimated (for both sides) to try entire case**

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability  **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine  ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability  ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle  ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 730 Labor Management Reporting & Disclosure Act  B PRISONER PETITIONS | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment  Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations  ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare  ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights  ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights  * A or B | | | * A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding ☐ 2. Removed From State Court ☐ 3. Remanded from Appellate Court ☐ 4. Refiled ☐ 5. Transferred from another district (Specify) ☐ 6. Multidistrict Litigation ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
**DEMAND $4300**
Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE _____ DOCKET NUMBER _____

DATE July 21, 2009

SIGNATURE OF ATTORNEY OF RECORD Donald R McCoy

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. _____
Date Paid: _____
Amount: _____
M/ifp: _____